Brown v. Watters Doc. 2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRUCE N. BROWN,**

                 **Petitioner,**

            **v.**                              **Case No. 06-C-753**

**STEVE WATTERS,**

                 **Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Bruce N. Brown ("Brown") is involuntarily confined by the State of Wisconsin pursuant to Chapter 980 of the Wisconsin Statutes. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Under Rule 4 Rule of the Rules Governing Section 2254 Cases, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Brown did not use the standard form required by this court in § 2254 petitions. However, because Brown is confined civilly rather than following a criminal conviction, the form may not be entirely appropriate. Additionally, Brown presents his argument in sufficiently clear fashion so that the court is able to recognize his claims and therefore the court shall permit the petitioner to proceed without utilizing the standard form.

Brown argues that he was denied due process because the expert opinions relied upon to form the basis for his commitment were not grounded in scientific knowledge.

Dockets.Justia.com

From a review of the petition, the court cannot say that it plainly appears that the petitioner is not entitled to relief. Therefore, the state will be required to answer the petition. In doing so, the respondent should address the issues of timeliness, exhaustion, and procedural default, if applicable.

**IT IS THEREFORE ORDERED** that a copy of Brown's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **30 days** after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers which do not indicate that a copy has been sent to the respondent or his attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2006.

                                                  s/AARON E. GOODSTEIN
                                                  United States Magistrate Judge