# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BRUCE N. BROWN,**

    **Plaintiff,**

  v.                                  Case No. 06-C-753

**STEVE WATTERS,**

    **Defendant.**

---

## ORDER

      Petitioner, proceeding pro se, is an involuntary civil committee under Chapter 980 of the Wisconsin Statutes. He asserts that he is being detained in violation of the Constitution in that the evidence that the state presented to support his detention lacks scientific foundation, and he seeks a writ of habeas corpus. Before me are two motions made by petitioner and respondent's request that I dismiss the petition.

      Petitioner has filed a "Motion for Court to Take Judicial Notice That Claims That the Civil Commitment of So-Called Sexually Violent Persons Are Being Used to Accomplish Racist Acts Is Not Only Confined To Complaints Made By African Americans in Wisconsin" and a "Motion for Court to Determine Applicability of Jackson v. Virginia . . . In Civil Commitment Cases." In addition, petitioner has requested that I refer this matter to federal prosecutors for investigation of a conspiracy by the Wisconsin government. The issues presented by petitioner's motions are not appropriate for resolution in a motion. Rather, they go to the merits of petitioner's habeas corpus petition. As such, I will deny these motions. Further, to the extent that it would even be within my power to refer this case to federal prosecutors, I deny petitioner's request to do so.

In respondent's August 22, 2006, answer, respondent requested that I dismiss petitioner's case for petitioner's failure to exhaust a claim in state court. I treat that request as a motion to dismiss this case. Petitioner may have until November 6, 2006, to respond to the motion to dismiss. If respondent chooses to file a reply, he may do so within 14 days from the service of the response brief. If petitioner's case survives the motion to dismiss, then I will set a briefing schedule for the petition. Further, if petitioner's case survives the motion to dismiss, then petitioner may choose to present the material in his motions in a brief in support of his petition.

**Therefore,**

**IT IS ORDERED** that petitioner's motion for judicial notice is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for order is **DENIED**.

**IT IS ADDITIONALLY ORDERED** that petitioner may have until **November 6, 2006** to respond to respondent's motion to dismiss.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: petitioner's brief in opposition to the motion to dismiss must not exceed thirty pages, and respondent's reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 14 day of October, 2006.

/s_____
LYNN ADELMAN
District Judge