# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE N. BROWN,
          Petitioner,

v.                                                     Case No. 06C0753

STEVE WATTERS,
          Respondent.

## DECISION AND ORDER

Pro se petitioner Bruce N. Brown, who is civilly committed as a violent sexual offender under Wis. Stat. Ch. 980, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his confinement violates his right to substantive due process of law because neither of the "mental disorders" that he was diagnosed with, Paraphilia-Not Otherwise Stated ("NOS")-Nonconsent and Antisocial Personality Disorder ("APD"), render him a sexually violent person. This is so, according to petitioner, because Paraphilia-NOS-Nonconsent is not a medically recognized disorder and because APD is over-inclusive. Respondent now moves to dismiss for failure to exhaust state remedies.

## I. BACKGROUND

In 1984, a Wisconsin court convicted petitioner of first-degree sexual assault and endangering safety and sentenced him to twenty years in prison. In 1996, petitioner was paroled, but fourteen months later his parole was revoked for non-violent rule violations. In 1998, as petitioner was approaching his release date, the State petitioned to civilly commit him under Ch. 980. A jury trial was held, and the State called Dr. Dennis Doren as an expert witness. Doren testified that petitioner was a sexually violent person because

he had Paraphilia-NOS-Nonconsent and APD.  Doren acknowledged that the psychiatric community did not recognize the former disorder and that he had created it himself because he perceived a gap in the American Psychiatric Association's Diagnostic and Statistical Manual.  The jury found petitioner to be a sexually violent person and the Milwaukee County Circuit Court committed him.

Petitioner appealed to the state court of appeals, arguing that the admission of hearsay evidence and actuarial evidence violated his right to due process, the trial court erred in not providing a special verdict form, and his commitment violated due process because the state failed to prove any overt act indicating dangerousness.  The state court of appeals affirmed and the state supreme court denied review.

### III.  DISCUSSION

I may not consider the merits of petitioner's substantive due process claim unless he exhausted it in the state courts.  And contrary to petitioner's statements, he has not done so.  He argued due process claims to the state courts but on different grounds.  As such, I turn to whether any state avenues for relief remain open.  Petitioner claims that he has no available remedy in state court.  However, the basis for this argument is that all state courts will follow the decision of the state court of appeals, to which he objected. Simply because petitioner thinks that he will lose in state court does not relieve him of the duty to provide the state courts a full and fair opportunity to decide his claims.  As respondent points out, a state court remedy likely is available under Wis. Stat. § 782.01, which allows civilly committed people to bring a writ of habeas corpus action in state court. Therefore, the issue is properly one of exhaustion rather than procedural default.  See Burgin v. Broglin, 900 F.2d 990, 995 (7th Cir. 1990).

Generally an unexhausted claim is dismissed without prejudice. However, the Supreme Court has authorized district courts to stay federal habeas petitions to enable petitioners to exhaust unexhausted claims in state courts without having the statute of limitations on federal habeas claims expire. See Rhines v. Weber, 544 U.S. 269 (2005). To grant a stay, a federal court must conclude that a petitioner may have good cause for failing to exhaust, that his unexhausted claim may have merit and that he has not been dilatory. Id. at 278. Although Rhines was decided in the context of "mixed" habeas petitions, that fact is immaterial. See Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). Further, I may grant a stay sua sponte. See Akins v. Kenney, 410 F.3d 451, 455-56 (8th Cir. 2005).

In the present case, petitioner contends that he has good cause for failing to exhaust because his appellate counsel was ineffective. This contention is plausible because plaintiff's claim is obvious and, as discussed below, appears potentially meritorious. See Fetterly v. Paskett, 997 F.2d 1295, 1301 (9th Cir. 1993) (stating that district court should grant a stay where failure to exhaust may have been attributable to counsel's ineffective assistance).

I now turn to the potential merit of petitioner's claim. As for Doren's diagnosis of Paraphilia-NOS-Nonconsent, petitioner argues that it is a violation of due process to confine him based on a diagnosis that the medical community does not recognize. Although states have considerable leeway to define when a mental abnormality or personality disorder makes an individual eligible for commitment as a sexually violent person, see Kansas v. Crane, 534 U.S. 407, 413 (2002), I have some doubt whether such an idiosyncratic "diagnosis" is sufficient. Id. (stating that the nature of the psychiatric

3

diagnosis is an important factor in determining whether an individual may be committed).

The Supreme Court has not abandoned the idea that a diagnosis must be medically justified. See Foucha v. Louisiana, 504 U.S. 71, 88 (1992) (O'Connor, J., concurring); Kansas v. Hendricks, 521 U.S. 346, 358 (1997) (stating that

> A finding of dangerousness, standing alone, is ordinarily not a sufficient ground upon which to justify indefinite involuntary commitment. We have sustained civil commitment statutes when they have coupled proof of dangerousness with the proof of some additional factor, such as a 'mental illness' or 'mental abnormality.' These added statutory requirements serve to limit involuntary civil confinement to those who suffer from a volitional impairment rendering them dangerous beyond their control.)

(internal citations omitted). Thus, assuming that Paraphilia-NOS-Nonconsent lacks a medical foundation, petitioner's claim is potentially meritorious.

Furthermore, I cannot say that petitioner will be unable to establish that the diagnosis of Paraphilia-NOS-Nonconsent is indistinguishable from the "dangerous but typical recidivist convicted in an ordinary criminal case." Crane, 534 U.S. at 413; see also Thomas K. Zander, Civil Commitment Without Psychosis: The Law's Reliance on the Weakest Links in Psychodiagnosis, 1 J. of Sexual Offender Civil Commitment: Science & The Law 17 (2005). The main diagnostic characteristic of Paraphilia-NOS-Nonconsent is having "recurrent, intense sexual fantasies, sexual urges, and/or behaviors involving" nonconsenting persons. (Answer Ex. B at 8.) This criterion raises questions about the disorder's ability to satisfy substantive due process, because it may be that every criminal convicted of a sexual crime could be diagnosed with the disorder. See Hendricks, 521 U.S. at 373 (Kennedy, J., concurring) ("If it were shown that mental abnormality is too imprecise a category to offer a solid basis for concluding that civil detention is justified, our precedents would not suffice to validate it.").

4

Petitioner's argument concerning Doren's second diagnosis, APD, may also have merit. In order to commit an individual consistent with due process, the State must show that the person has a mental disorder and that the mental disorder makes it difficult for the person to control their behavior. See Crane, 534 U.S. at 412. Petitioner argues that his diagnosis of APD is over-inclusive and does not address his capacity to control his behavior. The Supreme Court has suggested caution in connection with APD. In Crane, the Court stated that Hendricks established an important distinction between "a dangerous sexual offender subject to civil commitment" and "other dangerous persons who are perhaps more properly dealt with exclusively through criminal proceedings." Crane, 534 U.S. at 412 (internal citations omitted). Subsequently, the Court noted that forty to sixty percent of the male prison population is diagnosable with APD. Id.; see also Foucha, 504 U.S. at 85.

The Seventh Circuit rejected an argument regarding APD similar to that of petitioner, but in a case in which there was also a finding that the APD would likely cause the prisoner to commit another sexually violent offense. Adams v. Bartow, 330 F.3d 957 (7th Cir. 2003). See also Linehan v. Milczark, 315 F.3d 920, 926-27 (8th Cir. 2003). In the present case, is not clear that the jury made any determination that APD contributed to petitioner's future dangerousness, because the verdict did not distinguish between petitioner's multiple diagnosed disorders. Further, there is less evidence of petitioner's dangerousness and than there was in Adams and Linehan. Petitioner has completed treatment programs. Although his parole was revoked subsequent to those treatment programs, the revocation resulted from non-violent rule violations. And petitioner lived among the public for fourteen months without any sexual violence. Petitioner has committed multiple offenses in the

5

past; however, respondent must still "explain why its interest would not be vindicated by the ordinary criminal processes involving charge and conviction, the use of enhanced sentences for recidivists, and other permissible ways of dealing with patterns of criminal conduct." Foucha, 504 U.S. at 82.

Because petitioner may have good cause for failing to exhaust, may have a meritorious claim and has not been dilatory, I will stay the current action to allow petitioner to exhaust his claim in state court and avoid closing off federal relief.

Therefore,

**IT IS ORDERED** that the present proceeding be **STAYED** while petitioner pursues his substantive due process claim in state court. Petitioner has thirty days from the date of this order to file his claim in state court, and has thirty days after the exhaustion of his claim in state court to return here.

In view of my decision as to exhaustion,

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

Dated at Milwaukee, Wisconsin this 23 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge