# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRUCE N. BROWN,**
        **Petitioner,**

   v.                                           **Case No. 06C0753**

**STEVE WATTERS,**
        **Respondent.**

## ORDER

On July 16, 2006, Bruce N. Brown, who is civilly committed as a violent sexual offender under Wis. Stat. Ch. 980, filed a pro se petition for a writ of habeas corpus. Respondent moved to dismiss the petition for failure to exhaust or, in the alternative, based on procedural default. On July 23, 2007, I found that petitioner had failed to exhaust his claim and stayed the action so that he could return to state court and exhaust such claim. Petitioner then filed a state habeas petition in state court and such court dismissed his case on procedural grounds. Petitioner now brings a motion under Fed. R. Civ. P. 60(b), asking for relief from my July 23 order. Petitioner is somewhat confused about the nature of my order, as such order has already been effectuated; this case has been stayed. Presumably, petitioner hopes that I will lift the stay, which is not contrary to the July 23 order but was rather contemplated by the order.

Respondent has responded to petitioner's motion by noting that while the state habeas procedure was unavailable, petitioner may yet exhaust his claim through Wis. Stat. § 980.09, which allows civil committees to petition the state for release at any time. Thus, respondent asks me to maintain the stay until petitioner attempts this route. I disagree that

petitioner could bring the constitutional claim raised in the present action under § 980.09. Such section provides a procedure only for committees whose mental condition has improved since their initial commitment. It directs state courts to

> deny the petition under this section without a hearing unless the petition alleges facts from which the court or jury may conclude the persons condition has changed since the date of his or her initial commitment order so that the person does not meet the criteria for commitment as a sexually violent person.

Id.; see also In re Kruse, 296 Wis. 2d 130, 150 (Ct. App. 2006). The section does not provide a way for a committee to challenge the constitutionality of his initial commitment based on an argument that could have been raised at the time of initial commitment.

As such, I will deny petitioner's improper motion but will lift the stay on this case. The initial question that I must decide is whether I must dismiss the petition based on procedural default or whether petitioner can show the applicability of any exception to the procedural default rule. Both parties have already submitted some information relevant to this issue, but I will give each party an opportunity to file one additional brief solely on the issue of procedural default before I decide the issue.

Therefore,

**IT IS ORDERED** that petitioner's motion for relief is **DENIED**.

**IT IS FURTHER ORDERED** that the stay is lifted and this case is **REOPENED**.

**IT IS FURTHER ORDERED** that if petitioner wishes to provide the court with additional information relevant to the issue of procedural default, he must do so by **November 5, 2007**.

**IT IS FURTHER ORDERED** that if respondent wishes to provide the court with additional information relevant to the issue of procedural default, he must do so by **December 3, 2007**.

Dated at Milwaukee, Wisconsin this 15 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge

3